UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ALBERT R. GARNER, SIGRID GARNER, THOMAS I. GARNER, R&S DEVELOPERS, LLC, RTC PROPERTIES, LLC, MGR CONSTRUCTION, LLC, PAVILION PROPERTIES, LLC, STORAGE ZONE OF JACKSON, LLC, AND STORAGE ZONE OF FLORENCE, LLC — PLAINTIFFS

VS. — CIVIL ACTION NO. 3:12CV451TSL-MTP

BANKPLUS — DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant BankPlus to compel arbitration pursuant to § 4 of the Federal Arbitration Act, and the cross-motion of plaintiffs Albert R. Garner, Sigrid Garner, Thomas I. Garner, R&S Developers, LLC, RTC Properties, LLC, MGR Construction, LLC, Pavilion Properties, LLC, Storage Zone of Jackson, LLC, and Storage Zone of Florence, LLC, to compel arbitration. The motions have been fully briefed, and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that both motions should be granted.

This case is one of three cases presently pending between the parties relating to certain loan transactions. Each of the lawsuits derives from the following alleged facts. Albert Garner, Sigrid Garner and Thomas I. Garner and a number of limited

liability companies owned by the Garners (namely, R&S Developers, LLC, RTC Properties, LLC, MGR Construction, LLC, Pavilion Properties, LLC, Storage Zone of Jackson, LLC, and Storage Zone of Florence, LLC), obtained from BankPlus a series of loans. A promissory note and deed of trust were executed by the obligor plaintiffs in favor of BankPlus in connection with each of the loans. All of the loans to the Garner businesses were also personally guaranteed by at least two of the individual Garner plaintiffs, and at least half of the loans were personally guaranteed by all three of the individual Garner plaintiffs.

The loan documents executed by the parties on each of the loans contain arbitration agreements by which the parties agreed that all disputes, claims, and/or controversies between them, whether individual or joint, whether arising from or related to the Loan Documents or otherwise, “including without limitation contract and tort disputes,” as well as “[a]ny disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral…, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral…,” “shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party” and that “[t]he Federal Arbitration Act shall apply to the

construction, interpretation and enforcement of [the] [A]rbitration [Agreements].”

On May 9, 2011, BankPlus contemporaneously filed two suits in the Madison County Circuit Court, against Albert R. Garner and Sigrid Garner, and against Thomas I. Garner, alleging the various loans were in default and that the Garners were indebted to BankPlus on their loan obligations and guarantees.

On June 29, 2011, prior to filing their answers to BankPlus’s complaints, Alfred, Sigrid and Thomas Garner, together with the Garner businesses that were alleged to have defaulted on loans to BankPlus, filed the present action against BankPlus in the Circuit Court of Madison County, asserting state law claims against BankPlus for breach of contract, misrepresentation, estoppel and injunctive relief, all centered on their allegation that BankPlus had reneged on a loan restructuring agreement entered into with plaintiffs. Specifically, plaintiffs alleged that in July 2010, BankPlus represented and committed to plaintiffs to renew, extend, re-amortize and reduce the interest rate on the outstanding loans, yet the Bank did not restructure the loans as represented and instead filed suit in state court seeking to recover on the loans and initiated foreclosure of certain real property that was collateral for the loans. As relief, plaintiffs sought to estop the Bank from enforcing the loans "other than in accordance with the Bank's representations, promises and commitments"; to enjoin

the Bank from foreclosing on the collateral since, according to plaintiffs, they are not in default under the terms of their agreements, as modified; a declaratory judgment as to the parties' rights and responsibilities under the loan documents, as restructured; and damages allegedly incurred as a result of the Bank’s breach of contract or due to plaintiffs’ reliance on its misrepresentations.

On May 26, 2012, while each of the three cases remained pending in Madison County Circuit Court, plaintiff R&S Developers, LLC, filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 12-01642-ee. On June 29, 2012, the Garners (and their businesses) removed all three cases to this court on the basis of bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446 and 1442 and Federal Rule of Bankruptcy Procedure 9027. This action was assigned to the undersigned, and both of the Bank’s lawsuits were assigned to Judge Carlton Reeves, as Civil Action Nos. 3:12cv449 and 3:12cv450. On July 19, 2012, the Bank filed in this action a motion to compel arbitration of the Garners’ claims against it. The following day, the Bank moved Judge Reeves to abstain and remand its lawsuits against the Garners to state court on the basis of mandatory abstention pursuant to 28 U.S.C.

§ 1334(c)(2).[1]

In response to the Bank's motion in this action, the Garners advised that they have no objection to an order compelling arbitration of their claims against BankPlus, but they contended that the Bank should also be compelled to arbitrate the claims it had brought against them in its lawsuits. Plaintiffs thus filed a cross-motion to compel arbitration of the claims asserted by BankPlus in the other cases.

At the time plaintiffs filed their cross-motion to compel arbitration, the Bank's lawsuits against them were still pending before Judge Reeves, with briefing proceeding on the Bank's motion to abstain and remand. BankPlus responded to the Garners' cross-motion to compel arbitration on September 17, 2012, urging the court to deny the motion on the basis that their motion was not properly before the undersigned since the Bank's lawsuits were not pending before the undersigned but rather before Judge Reeves. It

---

[1] That section states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1444(c)(2).

further argued that plaintiffs' motion to compel was not properly before Judge Reeves either, since the Garners had never filed motions to compel arbitration in those lawsuits. Finally, it argued that even if a proper motion had been filed in the Bank's lawsuits, Judge Reeves could not properly consider any such motion until after ruling on BankPlus's motion to abstain and remand. Plaintiffs evidently interpreted the Bank's response as asking the undersigned to abstain from deciding the issue of arbitration of the Bank's claims against them in favor of the state court's deciding the issue if and when the case was remanded by Judge Reeves. Plaintiffs thus argued in their September 25, 2012 rebuttal brief that application of the six-part balancing test for abstention adopted by the United States Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), demonstrates that abstention is not warranted.[2]

---

[2] "Under the Colorado River doctrine, a court may abstain from a case that is part of parallel, duplicative litigation under 'exceptional circumstances.'" Saucier v. Aviva Life and Annuity Co., – F.3d –, 2012 WL 5658711, 3 (5th Cir. 2012) (quoting Kelly Inv., Inc. v. Continental Common Corp., 315 F.3d 494, 497 (5th Cir. 2002)).

> In determining whether "exceptional circumstances" exist, the Supreme Court has identified six relevant factors: (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in

On November 8, 2012, after briefing had been completed on plaintiffs' cross-motion to compel in this cause, Judge Reeves entered an order granting BankPlus's motion to abstain and remand in the Bank's lawsuits against the Garners. He concluded that while the Bank's lawsuits against the Garner Family would have an effect on the estate being administered in bankruptcy and were therefore "related to" R&S Developer's bankruptcy proceeding, the Bank had demonstrated that the requirements for mandatory abstention were present and the Bank's motions were thus due to be granted and the cases remanded.

Following entry of Judge Reeves' remand orders, BankPlus requested and was granted leave to file a surrebuttal on the present motion, which it has now done. In its surrebuttal, BankPlus clarifies that it has not requested that this court abstain from exercising its jurisdiction in deference to any state court proceedings, which is the context in which Colorado River applies.[3] Instead, its position was, and is, that there is no underlying basis for subject matter jurisdiction of this

> which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. Kelly, 315 F.3d at 497.

Id. (quoting Kelly Inv., Inc.).

[3] BankPlus declares, "To be clear, BankPlus never asked this Court to abstain from any jurisdiction to decide arbitrability of the Madison County Suits...."

court over its now-remanded state lawsuits against the Garners, and that therefore, plaintiffs’ request for an order from this court compelling the Bank to arbitrate its claims in its lawsuits against the Garners is improper and should be denied. In short, the Bank contends that plaintiffs’ cross-motion to compel arbitration must be denied on the basis that this court lacks jurisdiction to compel arbitration of the Bank’s claims against them in the remanded lawsuits.

Congress provided in the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.,* that a written agreement to arbitrate in a contract involving interstate commerce “shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.” 9 U.S.C. § 2. The effect of this section is “to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.” Moses H. Cone, 460 U.S. at 24, 103 S. Ct. 927. Section 4 of the FAA provides for entry of an order compelling arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. Under § 4,

> “if a party to an agreement refuses to arbitrate, the opposing party may bring an action to compel arbitration, and after hearing the parties the court ‘being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue,’ shall direct the parties to arbitrate.' If, on the other hand, ‘the making of the arbitration agreement

> or the failure ... to perform the same be in issue, the court shall proceed summarily to the trial thereof.'"

Moses H. Cone, 460 U.S. at 24, 103 S. Ct. at 941 (quoting § 4).

However, while § 4 of the FAA authorizes the filing of a petition to compel arbitration in the district court, it does not create an independent basis for federal jurisdiction: It "is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction." Moses H. Cone, 460 U.S. at 26 n.32, 103 S. Ct. at 942 n.32. Thus, for a federal court to enter an order to compel arbitration under § 4, "there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." Id.

BankPlus does not dispute that this court has an independent jurisdictional basis over plaintiffs' complaint in this cause and thus over its motion to compel arbitration of the Garner parties' claims against it in this case, namely, jurisdiction under 28 U.S.C. § 1334(b), which provides that "... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In fact, it is apparent that this case is at least "related to" the bankruptcy of R&S Developers and that this court has subject matter jurisdiction over this cause.

However, while the Bank acknowledges the court's jurisdiction over its own motion to compel arbitration, it takes the position that the court lacks jurisdiction of the Garner parties' cross-motion to compel arbitration of the Bank's claims against them in the underlying Madison County suits since there is no basis for federal subject matter jurisdiction over the underlying lawsuits. In other words, it contends that this court's jurisdiction over the Garner parties' § 4 motion to compel arbitration is determined not by the face of the complaint in this cause but rather by reference to the underlying lawsuits.

In Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009), the Supreme Court addressed the manner in which the court is to determine if it has subject matter jurisdiction over a petition to compel arbitration in accordance with § 4 of the FAA. With regard to the determination of whether a § 4 petition is predicated on an action arising under federal law, the Court approved of a "look through" approach, holding that "[a] federal court may 'look through' a § 4 petition and order arbitration if, 'save for [the arbitration] agreement,' the court would have jurisdiction over 'the [substantive] controversy between the parties.'" 556 U.S. at 53, 129 S. Ct. at 1268. See Volvo Trucks North America, Inc. v. Crescent Ford Truck Sales, Inc., 666 F.3d 932, 936 (5th Cir. 2012) (discussing Vaden). "[T]he district court should assume the absence of the arbitration

agreement and determine whether it 'would have jurisdiction under title 28' without it." Id. at 62, 129 S. Ct. at 1273. In other words, a federal court entertaining a petition to compel arbitration based upon federal question jurisdiction "should determine its jurisdiction by 'looking through' a § 4 petition to the parties' underlying substantive controversy." Id.

If the "look through" approach adopted in Vaden applied here, then this court would have jurisdiction to compel arbitration of the Bank's claims against the Garner parties in the underlying state court actions only if the Bank's underlying suits disclosed a basis for federal jurisdiction. However, Vaden was limited to determinations of federal question jurisdiction under 28 U.S.C. § 1331. See Vaden, 556 U.S. at 62, 129 S. Ct. at 1273 ("[W]e approve the 'look through' approach to this extent: A federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law...."). Indeed, in the wake of the Court's Vaden decision, courts that have considered the issue have held consistently that Vaden's "look through" is limited to § 4 petitions based on federal question jurisdiction. See Northport Health Servs. of Arkansas, LLC v. Rutherford, 605 F.3d 483, 487 (8th Cir. 2010) (explaining that "the Supreme Court [in Vaden] carefully defined the issues and limited its holding to § 4 petitions based upon federal question jurisdiction); THI of New Mexico at Hobbs Center, LLC v.

Spradlin, Civ. No. 11–792 MV/LAM, 2012 WL 4466639, 4 (D.N.M. Sept. 25, 2012) (holding that "Vaden ... is limited to Section 4 petitions based upon federal question jurisdiction" and thus is inapplicable where jurisdiction is founded on diversity of citizenship rather than on the presence of a federal question); Minn. Life Ins. Co. v. Mungo, C/A No. 0:11–681–JFA, 2011 WL 2518768, 1-2 (D.S.C. June 23, 2011) (declining to follow reasoning of Vaden in absence of clear authority that it applies outside federal question context); L.A. Fitness Intern. LLC v. Harding, No. C09–5537–RJB, 2009 WL 3676272, 2-3 (W.D. Wash. Nov. 2, 2009) (holding in Vaden "is specifically limited to determinations of federal question jurisdiction under 28 U.S.C. § 1331"); Credit Acceptance Corp. v. Davisson, 644 F. Supp. 2d 948, 953 (N.D. Ohio 2009) (holding that Vaden did not apply in diversity case "because the Vaden Court explicitly limited its holding to cases where the controversy underlying the § 4 petition involves federal-question jurisdiction"). The present action is not based on federal question jurisdiction but rather is brought under the court's bankruptcy jurisdiction. In the court's opinion, therefore, the determination of whether the court has jurisdiction to compel arbitration of the claims in the Bank's underlying lawsuit is to be made based on the face of the complaint herein, and does not depend on whether the court would have jurisdiction over the

underlying lawsuits.[4] The court plainly has subject matter jurisdiction over the present action, which includes jurisdiction over the Garner parties' cross-motion to compel arbitration.

Turning to that motion, a two-step inquiry applies to motions to compel under § 4 which requires that the court first "determine whether the parties agreed to arbitrate the dispute in question, [which] ... involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." Webb v. Investacorp, Inc., 89 F.3d 252, 257–58 (5th Cir. 1996). "The second step is to determine 'whether legal constraints external to the parties' agreement foreclose[s] the arbitration of those claims.'" Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 628, 105 S. Ct. 3346, 3355, 87 L. Ed.2d 444 (1985)). BankPlus does not dispute that there is a valid agreement to arbitrate; its own motion to compel is grounded on the very same arbitration agreement as the plaintiffs' cross-motion to compel. Nor does BankPlus deny that the dispute in question falls within the scope

---

[4] The court would note that, contrary to the Bank's urging, Judge Reeves did not conclude that this court lacked jurisdiction over the Bank's lawsuits against the Garner parties. On the contrary, he clearly found that the court had "related to" bankruptcy jurisdiction. However, he found that the criteria for mandatory abstention were met (including a timely motion by the Bank) so that the court was precluded from exercising its jurisdiction.

of that agreement. And it does not contend there are any external legal constraints that would preclude enforcement of the parties' arbitration agreement. Accordingly, plaintiffs' cross-motion to compel arbitration will be granted.[5]

Based on the foregoing, it is ordered that the motion of BankPlus to compel arbitration is granted, as is plaintiffs' cross-motion to compel arbitration of the claims brought against them by BankPlus in the pending state court actions. It is further ordered that the complaint herein is dismissed. See Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (providing that where all claims are referable to arbitration, upon granting motion to compel, district court has discretion to dismiss case, as opposed to imposing stay).

SO ORDERED this 20th day of December, 2012.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[5] The court reiterates that BankPlus insists it has not asked the court to abstain under Colorado River and thus it is unnecessary for the court to consider whether abstention is in order. Even if the Bank had requested the court to abstain, however, the court would deny the request, since it is apparent that abstention is not warranted, for reasons articulated in plaintiffs' rebuttal.