```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

ALBERT R. GARNER, SIGRID GARNER,
THOMAS I. GARNER, R&S DEVELOPERS,
LLC, RTC PROPERTIES, LLC, MGR
CONSTRUCTION, LLC, PAVILION
PROPERTIES, LLC, STORAGE ZONE OF
JACKSON, LLC, AND STORAGE ZONE OF
FLORENCE, LLC                                         PLAINTIFFS

VS.                          CIVIL ACTION NO. 3:12CV451TSL-JMR

BANKPLUS                                               DEFENDANT

                   MEMORANDUM OPINION AND ORDER

     This cause is before the court on the motion of defendant

BankPlus (the Bank) to reconsider that part of the court's

December 20, 2012 order granting plaintiffs'[1] cross-motion to

compel arbitration of the claims brought against them by BankPlus

in <u>BankPlus v. Albert R. Garner and Sigrid Garner</u>, and <u>BankPlus v.
Thomas I. Garner</u>, presently pending in the Circuit Court of

Madison County, Mississippi (the Madison County suits).[2]  The

court, having considered the Bank's motion to reconsider and

---

[1]  Plaintiffs are Albert R. Garner, Sigrid Garner, Thomas
I. Garner, and a number of Garner-owned businesses, as follows:
R&S Developers, LLC; RTC Properties, LLC; MGR Construction, LLC;
Pavilion Properties, LLC; Storage Zone of Jackson, LLC; and
Storage Zone of Florence, LLC.  Plaintiffs will be referred to
collectively herein as "the Garners."

[2]  <u>BankPlus v. Albert Garner and Sigrid Garner</u>, Cause No.
CI-2011-174-JC (Cir. Ct. Mad. Cty.); <u>BankPlus v. Thomas I. Garner</u>,
Cause No. CI-2011-175-JC (Cir. Ct. Mad. Cty.).

plaintiffs' response thereto, concludes that the motion should be denied.[3]

Briefly, the facts and procedural background of this case and of the Bank's lawsuits against plaintiffs now pending in the Madison County Circuit Court are as follows.[4] Alfred and Sigrid Garner, Thomas I. Garner and certain Garner-owned businesses obtained a number of loans from BankPlus, which were guaranteed by one or more Garner family members. On May 9, 2011, the Bank filed collection actions in the Circuit Court of Madison County, Mississippi against Albert and Sigrid Garner, and against Thomas I. Garner, Case Nos. CI-2011-174 and 17 (Cir. Ct. Mad. Cty.), respectively (the Madison County suits), alleging that the loans were in default and seeking to enforce the terms of the loans and guaranties. The Garner defendants removed the cases to this court on the basis of bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 after Alfred and Sigrid Garner, Thomas Garner and R&S Developers, LLC, filed for bankruptcy protection. Following

---

[3] BankPlus does not seek reconsideration of that part of the court's order compelling arbitration of plaintiffs' claims against the Bank and dismisses this action. It only seeks reconsideration of the decision to compel arbitration of the Bank's claims against plaintiffs in the Madison County suits.

[4] These matters are set forth in more detail in the court's December 20, 2012 opinion, Garner v. BankPlus, 484 B.R. 134 (S.D. Miss. 2012), and in the remand orders entered by Judge Carlton Reeves in BankPlus v. Albert R. Garner and Sigrid Garner, No. 3:12-cv-449-CWR-FKB (S.D. Miss. Nov. 8, 2012), and BankPlus v. Thomas I. Garner, No. 3:12-cv-450-CWR-FKB (S.D. Miss. Nov. 19, 2012).

2

removal, BankPlus moved to abstain and remand pursuant to 28 U.S.C. §§ 157, 1334, 1452, and 1447(c). By orders entered November 8, 2012, Judge Carlton Reeves, to whom both cases were assigned, ordered the case remanded upon finding that mandatory abstention applied. See BankPlus v. Albert R. Garner and Sigrid Garner, No. 3:12-cv-449-CWR-FKB (S.D. Miss. Nov. 8, 2012); BankPlus v. Thomas I. Garner, No. 3:12-cv-450-CWR-FKB (S.D. Miss. Nov. 19, 2012). He ruled alternatively that even if mandatory abstention did not apply, the court would abstain and remand based on discretionary abstention/equitable remand principles. Id.

Meanwhile, on July 26, 2011, shortly after BankPlus filed the collection actions in Madison County Circuit Court, the Garners filed suit against BankPlus in the Circuit Court of Hinds County, Mississippi, alleging claims for breach of contract, estoppel, misrepresentation, and injunctive relief under Mississippi law based on allegations that BankPlus had reneged on a loan restructuring agreement entered into with the Garners. Albert R. Garner, et al. v. BankPlus, Cause No. 251-11-664CIV (Cir. Ct. Hinds Cty.). On August 15, 2011, BankPlus removed the case to this court on the basis of bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, 1452, and 1447(c) after RTC Properties, LLC filed for bankruptcy protection. Following removal, the Garners moved for remand, and by memorandum opinion and order dated February 29, 2012, the undersigned held that mandatory abstention

applied and remanded the case. See Albert R. Garner, et al. v. BankPlus, Civ. Action No. 3:11cv515TSL-MTP (S.D. Miss. Feb. 29, 2012). Thereafter, on June 29, 2012, after R&S Developers, LLC, Alfred and Sigrid Garner and Thomas Garner filed for bankruptcy protection, the Garners removed the case on the basis of bankruptcy jurisdiction. Following removal, neither party moved the court to abstain or remand, and on July 19, 2012, BankPlus filed a motion to compel arbitration. The Garners responded and filed a cross-motion to compel arbitration. The court granted both motions by memorandum opinion and order dated December 20, 2012. See Garner v. BankPlus, 484 B.R. 134 (S.D. Miss. 2012). BankPlus seeks reconsideration of that part of the court's order compelling arbitration of its claims against the Garners in the Madison County suits. BankPlus offers the following arguments in support of its motion for reconsideration, which the court will address in turn:

(1) Plaintiffs' cross-motion to compel arbitration filed in this cause was not a proper § 4 petition to compel arbitration of the Bank's claims against them in the Madison County suits, and in the absence of a proper § 4 petition, this court lacked authority to compel arbitration of the Bank's claims in the Madison County suits;

(2) Even if plaintiffs' cross-motion did constitute a proper § 4 petition to compel arbitration, this court erred in compelling

4

arbitration of the Bank's claims in the Madison County suits because the court was barred from exercising jurisdiction over the Madison County suits;

(3) The court's order compelling arbitration is a *de facto* order consolidating this suit and the Madison County suits, which the court lacked authority to do; and

(4) Plaintiffs waived their right to compel arbitration of the Bank's claims in the Madison County suits.

Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, states:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

BankPlus first argues that this statute appears to contemplate that a party seeking to compel arbitration of pending proceedings will either file a motion to compel arbitration in the proceeding sought to be arbitrated or file a § 4 petition to initiate a *separate* cause of action. It concludes that a *motion* in one action to compel arbitration of claims pending against it in a separate action, as was filed by plaintiffs herein, is not a proper petition to compel arbitration under § 4. However, the Bank has offered no authority in support of its proposed

5

interpretation of the statute and the court, for its part, is aware of nothing that would prevent plaintiffs from asserting their request for arbitration of the Bank's claims in the Madison County suits in the form of a motion filed in this cause.

The Bank further argues that plaintiffs' cross-motion to compel arbitration failed to state a claim under § 4 as it does not even reference § 4 or any of the § 4 requirements. See Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011) (motion to compel arbitration should be considered under a Rule 12(b)(6) standard). However, as plaintiffs' cross-motion to compel arbitration was based on the same arbitration agreement that the Bank sought to enforce by its own motion to compel arbitration, the court is persuaded that plaintiffs adequately stated their claim under § 4.

The Bank next submits that the court's opinion granting plaintiffs' cross-motion to compel arbitration misconstrued the Bank's position regarding the court's jurisdiction to compel arbitration. Specifically, according to the Bank, the court erroneously interpreted the Bank's position to be that the court lacked jurisdiction over the plaintiffs' motion to compel arbitration because there was no basis for federal subject matter jurisdiction over the underlying lawsuits. The Bank explains that it does not dispute that this court has jurisdiction over plaintiffs' cross-motion itself (assuming that it is in fact an

effective § 4 petition); rather, its position is that, although this court has subject matter jurisdiction over plaintiffs' cross-motion, this court nevertheless lacks authority to compel the Bank's claims in the Madison County suits to arbitration because the court lacks an independent basis for exercising federal jurisdiction over the Madison County suits.

In rejecting the Bank's challenge to the court's jurisdiction to compel arbitration of the Bank's claims against the Garners in the Madison County suits, the court found that the "look through" approach adopted by the Supreme Court in Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009), is limited to § 4 petitions based on federal question jurisdiction. Garner v. BankPlus, 484 B.R. 134, 140 (S.D. Miss. 2012). The court further concluded that since the "look through" approach was inapplicable, "the determination of whether the court has jurisdiction to compel arbitration of the claims in the Bank's underlying lawsuit is to be made based on the face of the complaint herein, and does not depend on whether the court would have jurisdiction over the underlying lawsuits." Id. The Bank contends that the court erred in this regard, arguing that federal jurisdiction over a petition to compel arbitration is a separate issue from federal jurisdiction over the substantive controversy between the parties, and that both must exist for a federal court to compel a state-court lawsuit to arbitration. The Bank is

7

correct that "Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32, 103 S. Ct. 927, 942 n.32, 74 L. Ed. 2d 765 (1983). See also Shirley v. Maxicare Tex., Inc., 921 F.2d 565, 568 (5th Cir. 1991) ("[T]his court [has] stated unequivocally that 'unless a dispute falls within the confines of the jurisdiction conferred by Congress, such courts do not have the authority to issue orders regarding its resolution.'") (quoting Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985)). Outside the context of federal question jurisdiction, however, that does not mean that where the underlying controversy between the parties is the subject of a separate pending action, the court may compel arbitration only if the federal court would have subject matter jurisdiction over the underlying lawsuit. See, e.g., Snap-On Tools Corp. v. Mason, 18 F.3d 1261 (5th Cir. 1994) (finding jurisdiction to compel arbitration where underlying dispute between federal plaintiff and federal defendant was within court's diversity jurisdiction even though underlying lawsuit included non-diverse defendant and hence was not within confines of federal

8

court's diversity jurisdiction).[5]  Instead, what is required before the court may compel arbitration is that there exist an independent basis for federal jurisdiction over the underlying *dispute* or substantive controversy between the parties to the federal petition to compel arbitration.  Cf. First Franklin Financial Corp. v. McCollum, 144 F.3d 1362, 1363-64 (11th Cir. 1998) (explaining that in federal diversity action to compel arbitration where underlying state court action includes diverse and non-diverse parties, there are two "underlying civil disputes":  the plaintiff v. non-diverse defendant and the plaintiff v. the diverse defendant, even though both may arise from the same transaction, and holding that there is diversity

---

[5]    As BankPlus notes, the Fifth Circuit stated in Rio Grande Underwriters, Inc. v. Pitts Farms, Inc., 276 F.3d 683, 685 (5th Cir. 2001), that "[a] party may obtain relief in federal court under the FAA only when the underlying civil action would otherwise be subject to the court's federal question or diversity jurisdiction."  However, the court agrees with Judge Davidson's opinion in Conseco Finance Servicing Corp. v. Kolb, 2002 WL 1013116, 4-5 (N.D. Miss. 2002), that it is a mistake to focus on this one sentence in Rio Grande rather than the opinion as a whole.  As Judge Davidson noted, in Rio Grande, the federal plaintiff asserted jurisdiction based on complete federal preemption of the Federal Crop Insurance Act, i.e., federal question jurisdiction.  Id.  The case did not involve diversity jurisdiction or acknowledge cases such as Snap-On Tools Corp. v. Mason, 18 F.3d 1261 (5th Cir. 1994), in which the Fifth Circuit found jurisdiction to compel arbitration where the underlying dispute between the federal plaintiff and defendant was within the court's diversity jurisdiction even though there was no basis for federal jurisdiction over the underlying lawsuit between those parties.

9

jurisdiction over the "underlying dispute" when the federal plaintiff and federal defendant are diverse).

Turning to the case at bar, there is an independent basis for federal jurisdiction over the underlying dispute between BankPlus and the Garners, namely, "related to" bankruptcy jurisdiction. Not only that, but the court's "related to" bankruptcy jurisdiction also provides an independent basis for federal jurisdiction over the underlying lawsuits by BankPlus against the Garners. As the undersigned noted in the opinion compelling arbitration, Judge Reeves did not remand the Madison County suits based on a lack of subject matter jurisdiction. That is,

> Judge Reeves did not conclude that this court lacked jurisdiction over the Bank's lawsuits against the Garner parties. On the contrary, he clearly found that the court had "related to" bankruptcy jurisdiction. However, he found that the criteria for mandatory abstention were met (including a timely motion by the Bank) so that the court was precluded from exercising its jurisdiction.

Garner v. BankPlus, 484 B.R. at 140 n.4.[6]

---

[6] Thus, as the court noted previously, even if a "look through" were applicable here, the court would have jurisdiction to compel arbitration since there is an independent basis for federal jurisdiction over the underlying lawsuit. Moreover, in the court's opinion, the court would not be without jurisdiction to compel arbitration merely the underlying lawsuit was not removable for some reason unrelated to jurisdiction. See Credit Acceptance Corp. v. Davisson, 644 F. Supp. 2d 948, 953 (N.D. Ohio 2009) (finding jurisdiction over § 4 petition to compel arbitration where underlying dispute was within court's diversity jurisdiction, notwithstanding that court had previously remanded underlying dispute based on procedural impropriety).

10

Notwithstanding this, the Bank contends that once Judge Reeves abstained from exercising federal jurisdiction over the Madison County suits, the federal court no longer had jurisdiction to compel arbitration of the dispute between the parties to that action. The court is not persuaded. However, "abstention, by definition, assumes the existence of subject matter jurisdiction in the abstaining court—after all, one must have (or, at least, presume the presence of) subject matter jurisdiction in order to decline the exercise of it." Doughty v. Underwriters at Lloyd's, London, 6 F.3d 856, 860 (1st Cir. 1993), abrogated on other grounds, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996); see also Stoe v. Flaherty, 436 F.3d 209, 219 n.4 (3d Cir. 2006) (stating that "[m]andatory abstention applies only '[u]pon timely motion of a party' and does not implicate the Court's subject matter jurisdiction"); In re V&M Mgmt., Inc., 321 F.3d 6, 8 (1st Cir. 2003) ("[T]he abstention provision, which is waiveable by the parties, does not detract from the district court's subject matter jurisdiction.").

BankPlus makes a number of additional arguments – some new, some reiterations of its earlier arguments – regarding the court's authority to compel arbitration of its claims against the Garners in the Madison County suits. In the court's opinion, none of these arguments has merit. BankPlus argues that Judge Reeves' remand orders operate as *res judicata* as to the forum for determining arbitrability of the Madison County suits. However,

11

Judge Reeves merely observed, in the context of weighing the fourteen discretionary abstention/equitable remand factors, that "the state court is no less able than this Court to consider regarding a motion regarding arbitration." BankPlus v. Albert R. Garner and Sigrid Garner, No. 3:12-cv-449-CWR-FKB, at 9; BankPlus v. Thomas I. Garner, No. 3:12-cv-450-CWR-FKB, at 10. He did not purport to decide that the state court was the only proper forum for deciding whether to compel arbitration but rather concluded only that the state court's ability to decide a motion to compel arbitration weighed in favor of discretionary abstention.

The Bank next argues that the court's order on the Garners' cross-motion to compel arbitration constituted both a *de facto* order of consolidation, which the court lacked authority to order given that Judge Parker had previously denied motions to consolidate in all three cases (and his rulings were not appealed), and a *de facto* order compelling a consolidated arbitration under Rule 42(a), which this court lacked authority to do. As the court has implicitly concluded *supra*, there was nothing to prevent the Garners from asserting their motion to compel arbitration in this case and thus, the court need not have consolidated the cases in order to rule on the motion to compel arbitration. It follows that the court's order compelling arbitration was not a *de facto* order of consolidation. Moreover, the court did not order a consolidated arbitration. Whether and

12

how the arbitrations between the parties should proceed should be left for determination by the arbitrators in accordance with the arbitration clause. See Pedcor Mgmt. Co., Inc. Welfare Benefit Plan v. Nations Pers. of Texas, Inc., 343 F.3d 355, 363 (5th Cir. 2003) (whether consolidation should occur is for arbitrators to decide).

BankPlus lastly seeks reconsideration, arguing that the court failed to consider its contention that the Garners waived their right to seek arbitration by the Garners by substantially invoking the judicial process through, among other things, participating in extensive pre-trial activity, discovery and briefing in connection with a pending motion for summary judgment in the Madison County suits, and further in failing to timely assert any right to arbitration of the claims therein, so that arbitration of the Madison County Suits would be prejudicial to BankPlus.

"'Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party.'" In re Mirant Corp., 613 F.3d 584, 588-589 (5th Cir. 2010) (quoting Walker v. J.C. Bradford & Co., 938 F.2d 575, 577 (5th Cir. 1991) (internal quotation marks and citation omitted). "'There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden.'" Id. (quoting Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d

13

341, 344 (5th Cir. 2004)). In response, the Garners argue that BankPlus had the opportunity to try to demonstrate a waiver by the Garners in response to the Garners' cross-motion to compel arbitration and by conscious choice, passed on that opportunity and thereby waived the right to have the court consider its waiver argument. They note that on the issue of waiver, the Bank, in response to their cross-motion, merely stated: "[B]ased on the well-established doctrine of waiver, the defendants in the Madison County Suits have waived any right to arbitrate those Suits, which BankPlus will demonstrate in its response in the event the defendants ever file motions to arbitrate those Suits in the proper forum." The court agrees that BankPlus, having failed to timely avail itself of the opportunity to sustain its burden to demonstrative waiver, ought not be permitted to do so now.[7] In any event, the court is not persuaded that the Bank, even now, has established waiver by the Garners of the right to compel

---

[7] Although the Bank contends that it "*repeatedly* raised this [waiver] argument," the only references it cites in support of this assertion are (1) the text cited by the Garners in their response by which it represented that it would demonstrate waiver when the Garners moved to compel arbitration in "the proper forum"; and (2) a waiver argument made by the Bank to the American Arbitration Association (AAA) in its answer to the Garners' demand for arbitration. It avails the Bank nothing in this court that it presented its full waiver argument *to the AAA*. The Bank affirmatively chose not to demonstrate waiver *to this court.*

14

arbitration as it has failed to demonstrate prejudice such as would support a finding of waiver.[8]

Based on all of the foregoing, the court concludes that the motion of BankPlus to reconsider should be denied, and therefore, it is ordered that the motion is denied.

SO ORDERED this 30th day of May, 2013.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[8] Plaintiffs and BankPlus have moved for leave to file surrebuttal submissions on the issue of waiver. These motions are granted.